**XU TONG OUYANG, Petitioner,**

v.

**Loretta E. LYNCH, United States Attorney General,\* Respondent.**

**No. 13–2767.**

United States Court of Appeals, Second Circuit.

Nov. 25, 2015.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E.

**50**

Vlad Kuzmin, New York, NY, for Petitioner.

Stuart F. Delery, Assistant Attorney General; Kelly J. Walls, Senior Litigation Counsel; Sara J. Bergene, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington D.C., for Respondent.

PRESENT: REENA RAGGI, RICHARD C. WESLEY, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xu Tong Ouyang, a native and citizen of China, seeks review of a June 21, 2013 decision of the BIA denying his motion to reopen *sua sponte*. *See In re Xu Tong Ouyang*, No. A077 957 760 (B.I.A. June 21, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

It is undisputed that Ouyang's motion to reopen, filed approximately nine years after his removal order, was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the BIA may reopen a case *sua sponte* at any time. *See* 8 C.F.R. § 1003.2(a). We generally lack jurisdiction to review the BIA's denial of a motion to reopen pursuant to its *sua sponte* authority. *See Luna v. Holder*, 637 F.3d 85, 95–96 (2d Cir.2011); *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006). A narrow exception applies where the agency has misperceived the law, for example, by erroneously concluding that an application

for relief "would necessarily fail." *Mahmood v. Holder*, 570 F.3d 466, 469–71 (2d Cir.2009). Here, Ouyang does not argue that the BIA misperceived the law or that *Mahmood v. Holder* applies; he argues only that the BIA departed from its "established policies" in declining to exercise its *sua sponte* authority. We therefore lack jurisdiction to review the BIA's decision not to reopen *sua sponte* under 8 C.F.R. § 1003.2(a), because that decision is "entirely discretionary." *Ali v. Gonzales*, 448 F.3d at 518. Ouyang has not identified any convincing basis for departure from this rule. The BIA's decisions to exercise its *sua sponte* authority to reopen other cases are not sufficient to establish jurisdiction here.

For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.